1  CALDWELL LESLIE & PROCTOR, PC
   MICHAEL R. LESLIE, SBN 126820
2  leslie@caldwell-leslie.com
   JOAN MACK, SBN 180451
3  mack@caldwell-leslie.com
   DAVID ZAFT, SBN 237365
4  zaft@caldwell-leslie.com
   1000 Wilshire Blvd., Suite 600
5  Los Angeles, California 90017-2463
   (213) 629-9040
6  (213) 629-9022 fax

7  Attorneys for Plaintiff
   EQUILON ENTERPRISES LLC
8  dba SHELL OIL PRODUCTS US

9

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | EQUILON ENTERPRISES LLC dba | Case No. CV-072562 ABC (FMOx)
   | SHELL OIL PRODUCTS US,       |
13 |                              | (Honorable Audrey B. Collins)
   |         Plaintiff,           |
14 |                              |
   |    v.                        |
15 |                              |
   | NIKRAD ENTERPRISES, INC.,    | **ORDER FOR PROTECTIVE
16 |                              | ORDER PURSUANT TO THE JOINT
   |         Defendant.           | STIPULATION OF THE PARTIES**
17 |                              |
18 | NIKRAD ENTERPRISES, INC., a  |
   | California Corporation,      |
19 |                              |
   |     Counter-complainant      |
20 |                              |
   |    v.                        |
21 |                              |
   | EQUILON ENTERPRISES, LLC dba |
22 | SHELL OIL PRODUCTS US, a     |
   | Delaware Limited Liability Corporation, |
23 | DAN EDMUNDS, an individual, and |
   | DOES 1 through 100, Inclusive, |
24 |                              |
   |     Counter-defendants.      |
25

26

27

28
CALDWELL
LESLIE &
PROCTOR

655-73/Proposed Order re stip Protective Order.doc

## ORDER

Having reviewed the Joint Stipulation filed by the Parties on January 31, 2008, and good cause appearing therefor, the Court hereby Orders:

1. Any document, deposition testimony, interrogatory response, response to requests for admissions, initial disclosure (pursuant to Fed. R. Civ. P. 26(a)(1)), expert disclosure (pursuant to Fed. R. Civ. P. 26(a)(2)), or other information given by or on behalf of a party, or by or on behalf of a non-party, and all information derived therefrom, (collectively "Information") may be designated by the producing party as "Confidential" or "Confidential/Restricted" if the producing party has a reasonable, good faith belief that the information so designated is a trade secret or other confidential information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. Further, in the case of "Confidential/Restricted," the producing party must have a reasonable good faith belief that disclosure of the information to officers or employees of another party would create a risk of injury to the producing party's business or would constitute improper sharing of competitive information.

2. A party shall designate Information as either "Confidential" or "Confidential/Restricted" by affixing a stamp or label with such words on the document or other material containing such Information before copies of the documents or materials are produced in this action. The stamp shall also bear the following language: "Subject to Protective Order in Equilon v. Nikrad."

3. Everything designated as "Confidential" or "Confidential/ Restricted" as provided in this Stipulation and Protective Order ("Stipulation and Protective Order"), and any summaries, copies, abstracts, or other documents derived in whole or in part from anything designated as "Confidential" or "Confidential/Restricted," shall be used solely in the prosecution or defense of this action and, except with the prior consent of the producing party or upon prior Order of this Court, shall not be disclosed by any party other than as follows:

A. For "Confidential" Information:

(1) To outside counsel for the parties and their secretaries, legal assistants, or other support personnel involved in this litigation ("Outside Litigation Counsel");

(2) To employees of the parties;

(3) To outside experts, consultants, and/or litigation support vendors who are not employees of any party and who are expressly retained to assist counsel of record for the parties solely for the prosecution or defense of this litigation or the preparation of this action for trial, including, but not limited to, independent auditors, accountants, statisticians, economists and other experts, and the employees of such persons ("Outside Litigation Assistants");

(4) To the Court and Court personnel, and court reporters and videographers who are retained to transcribe or videotape testimony in this action;

(5) To any person called to testify as a witness either at a deposition or court proceeding in this action, but only for the purpose of assisting in the preparation or examination of the witness, and who, prior to disclosure, has agreed to be bound by the terms of this Stipulation and Protective Order by executing an Agreement in the form attached hereto as Exhibit A; and

(6) To any person who was either an original author or recipient of a document containing or constituting the Information.

B. For "Confidential/Restricted" Information:

(1) To Outside Litigation Counsel and Outside Litigation Assistants;

(2) To in-house counsel (if any) involved in this litigation, who are not involved in the recipient party's competitive decision making;

(3) To employees of the producing party;

(4) To the Court and Court personnel, and court reporters and videographers who are retained to transcribe or videotape testimony in this action; and

(5) To any person called to testify as a witness either at a deposition or court proceeding in this action, but only for the purpose of assisting in the preparation or examination of the witness, and who, prior to disclosure, has agreed to be bound by the terms of this Stipulation and Protective Order by executing an Agreement in the form attached hereto as Exhibit A;

(6) To any person who was either an original author or recipient of a document containing or constituting the Information; and

(7) To an employee of a party other than the producing party, if (a) counsel contemplating disclosure to that employee has a reasonable good faith belief that such disclosure is necessary to the prosecution or defense of this action, (b) at least ten (10) days prior to disclosure, counsel contemplating disclosure gives written notice, by facsimile and mail, to the producing party that specifically identifies the Information and employee at issue, (c) prior to disclosure, the employee at issue has agreed to be bound by the terms of this Stipulation and Protective Order by executing an Agreement in the form attached hereto as Exhibit A, and (d) the producing party does not object within ten (10) days of the written notice specified in (b) above. If the receiving party objects to the contemplated disclosure, and the parties cannot resolve the dispute informally, the producing party shall within 30 days submit the dispute to the Court, either in the form of a motion for protective order or in such other form as the Court permits for resolution of discovery disputes.

4.   Before any Outside Litigation Counsel, other than counsel of record, or Outside Litigation Assistant is given access to "Confidential" or "Confidential/Restricted" Information, he/she shall read this Stipulation and Protective Order, and shall execute a sworn statement, in the form annexed hereto as Exhibit A, indicating that he/she has done so and will abide by its terms. Such sworn statements shall be retained and deemed attorney work product except that they shall be made available to other parties in this action upon a showing that disclosure is necessary to ensure that there has been compliance with this order.

5.   A party may designate any portions of a deposition transcript (including exhibits) or videotape as "Confidential" or "Confidential/Restricted" by so advising the deposition reporter in the course of the deposition, who shall indicate in the deposition transcript and on the videotape what portion(s) of the testimony (or exhibits thereto) have been so designated, or by so advising all other parties which pages of the deposition transcript are "Confidential" or "Confidential/Restricted." A party shall make such designations within ten (10) business days after the deposition. Until ten (10) business days have passed after the deposition, the entire transcript and videotape shall be deemed to contain "Confidential/Restricted" Information.

6.   In the event that any party files with or submits to the Court any "Confidential" or "Confidential/Restricted" Information, the parties shall comply with Local Rule 79-5 in filing or submitting such "Confidential" or "Confidential/Restricted" Information. Additionally, inasmuch as they are consistent with Local Rule 79-5, the following procedures shall be used:

   A.   To the extent that a document contains "Confidential" or "Confidential/Restricted" Information, the document shall be filed under seal and kept under seal until further order of this Court. The parties shall endeavor to segregate the "Confidential" or "Confidential/Restricted" Information from other

information and to file only the minimum necessary quantity of documents under seal.

        B.    The parties shall refrain from including "Confidential" or "Confidential/Restricted" Information in the titles of the documents filed with the Court so that, in all instances, the titles of the documents – and the Court's docket sheet reflecting those titles – may remain public.

       7.    The use of any "Confidential" or "Confidential/Restricted" Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but may be the subject of future agreement or order as the need may arise.

       8.    Nothing in this Stipulation and Protective Order is intended to constitute an agreement regarding the scope of discovery.

       9.    Nothing in this Stipulation and Protective Order shall impose any restriction on the use or disclosure by a party of its own documents or information. Nor shall this Stipulation and Protective Order be construed to prevent any party or its counsel from making use as that party or its counsel sees fit of documents or information that were lawfully available to the public or lawfully in the possession of the party, counsel or expert prior to another party's providing them, or that properly came into the possession of the party, counsel or expert independent of this litigation, or that were obtained from third parties in the course of this litigation and were not designated as "Confidential" or "Confidential/Restricted" by that third party.

      10.    Nothing in this Stipulation and Protective Order or any designation of confidentiality hereunder or any failure to make such designation shall be used or characterized by any party as an admission of anything.

      11.    This Stipulation and Protective Order is without prejudice to any motion for relief from the provisions hereof or to any other motion for further restriction on the production, exchange or use of any document or other

1  information in the course of this action, except that no motion for relief from the
2  provisions hereof shall be made after entry of a final judgment or settlement. If a
3  party disagrees with a producing party's designation of Information as
4  "Confidential" or "Confidential/Restricted," such party shall provide to the
5  producing party written notice of its disagreement and specifically identify the
6  Information in dispute. If the dispute cannot be resolved informally, the producing
7  party shall submit the dispute to the Court within sixty (60) days of the written
8  notice, either in the form of a motion for protective order or in such other form as
9  the Court permits for resolution of discovery disputes. The party who designated
10 the Information as "Confidential" or "Confidential/Restricted" shall bear the
11 burden of demonstrating that the Information is entitled to protection from
12 disclosure under applicable law. Pending a final ruling, the information shall be
13 treated in accordance with its designation as "Confidential" or
14 "Confidential/Restricted."

15     12. If a party inadvertently produces documents or information that it
16 considers privileged or otherwise protected from disclosure, in whole or in part, or
17 learns of the production of documents or information containing what it believes to
18 be is privileged or otherwise protected from disclosure, the party may retrieve such
19 documents or information as follows:

20     A. Within ten (10) days of the date of discovery, the party shall
21 give written notice to all other parties of the claimed privilege or other protection
22 from disclosure, as well as the factual basis for asserting it.

23     (1) Any party who has received the document or information
24     at issue shall promptly return all copies to the producing party. In the event
25     that only part of a document is claimed to be privileged or otherwise
26     protected from disclosure, the party giving notice shall also furnish to the
27     other parties who have received the document a redacted copy of such

28

CALDWELL
LESLIE &
PROCTOR

-6-

655-73/equilon.doc

document, removing only the part(s) thereof claimed to be privileged or protected.

(2) The provisions of paragraph (a) and (b) above are without prejudice to any other rights any party may have with respect to challenging or defending any claim of privilege or protection from disclosure.

13. A party that has inadvertently produced Information without designating it as "Confidential" or "Confidential/Restricted" may promptly upon discovery of the error designate such information as "Confidential" or "Confidential/Restricted," and each party shall thereupon make a reasonable good faith effort to ensure that any analysis, memoranda, or notes that were internally generated based upon such Information is in the future treated in conformance with the new designation.

14. In the event that a party produces two or more identical or substantially identical copies of a document, and any copy is designated "Confidential" or "Confidential/Restricted" while one or more other copies are not so designated, all such identical or substantially identical documents shall be treated as "Confidential" or "Confidential/Restricted" once the inconsistent designation is known. The producing party shall be responsible for making the inconsistency known.

15. This Stipulation and Protective Order shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the parties agree otherwise in writing. Any and all originals and copies of documents produced in this action that have been designated as "Confidential" or "Confidential/Restricted" shall, at the request of the producing party, be returned to the producing party, or destroyed and so certified, within two months after the termination of this litigation (whether by dismissal, final judgment, settlement or otherwise) and the expiration of time for all appeals, if

any, against that termination, except that counsel for each party (whether or not counsel of record) may retain pleadings filed with the Court, and written discovery requests and responses thereto.

16. Neither this Stipulation and Order nor any party's designation of Information as "Confidential" or "Confidential/Restricted" shall affect the admissibility of any evidence.

17. The Court shall retain jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Stipulation and Order.

IT IS SO ORDERED.

DATED:_February 07, 2008_____

*Audrey B. Collins*

Hon. Audrey B. Collins
United States District Court

CALDWELL LESLIE & PROCTOR

-8-

655-73/equilon.doc

# EXHIBIT A

The undersigned acknowledges receipt and review of the Protective Order previously entered into in the matter captioned *Equilon v. Nikrad*, United States District Court Case No. CV-072562 ABC, understands the terms and conditions thereof, is among those persons specified therein as entitled to review Information that is "Confidential" or "Confidential/Restricted" as defined therein, and agrees to be bound by the terms of such Order. Upon the termination of this lawsuit, the undersigned also agrees to destroy or to cause the return of all such documents, including all copies or notes thereof, to the counsel for the party who produced such documents.

DATED: _____  By: _____